IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-0669-13




GREGORY THORNTON, Appellant

v.

THE STATE OF TEXAS



ON STATE’S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
LUBBOCK COUNTY



           Cochran, J., filed a dissenting opinion in which Meyers and Johnson, JJ.,
joined.

DISSENTING O P I N I O N 

           I respectfully dissent. Appellant was undeniably guilty of the Class C misdemeanor
of possession of drug paraphernalia. Little did he know that, by clumsily trying to abandon
his crack pipe, he was setting himself up for a third-degree felony conviction for tampering
with evidence, and, because of his priors, a sentence of 45 years’ imprisonment. The Seventh
Court of Appeals found the evidence insufficient to support the element of “concealment,”
but this Court reforms the judgment to reflect the separate offense of “attempted” tampering
with evidence and remands for a new punishment hearing. I think that this was a Class C
offense from beginning to end. I disagree that evidence of a person throwing down
contraband during a police pursuit or detention is sufficient, by itself, to constitute either
concealment or attempted concealment for purposes of our tampering-with-evidence statute. 
That act of abandoning contraband demonstrates prior possession of it, not its concealment.



           Our tampering-with-evidence statute, Section 37.09 of the Penal Code, is based on the
corresponding Model Penal Code provision, Section 241.7.


 According to the Tennessee
Supreme Court, some twenty-nine jurisdictions have enacted statutes based on Section
241.7.


 “Most, if not all, jurisdictions that utilize a version of Section 241.7 of the Model
Penal Code have recognized that a defendant does not violate the statute when he or she
merely ‘abandons’ physical evidence of a street crime while running from police or fleeing
the scene of the crime.”



           This case comes at a time when tampering or obstruction-of-justice laws are being
“used increasingly against drug offenders who, in some fashion, attempt to destroy or conceal
their drugs when being pursued by police.”


 But most states that have considered the matter
have concluded that when
a defendant merely drops, throws down, or abandons drugs in the vicinity of
the defendant and in the presence and view of the police, this conduct does not
constitute concealment that will support an evidence-tampering or obstruction
charge, or a conviction that is additional to and separate from the ongoing
possessory offense.



           As the New Hampshire Supreme Court explained in holding that a juvenile did not
“conceal” a cigarette pack for purposes of the tampering-with-evidence statute when he made
eye contact with the police officer coming toward him, 
The juvenile may have intended to make it less likely that the cigarette pack
would be associated with him or come to Officer Covie’s attention by ridding
his hands of it and abandoning it in the crowded hallway. It is important,
however, not to confuse the juvenile’s intent with his physical actions. [The
tampering statute] uses the term “conceals” to define the actus reus of the
offense. In addition to the actus reus, the statute also requires proof of a
culpable mental state—here, the juvenile's intent to “impair [the] verity or
availability” of the evidence. That the juvenile may have intended to make it
more difficult for Officer Covie to detect the contraband does not mean that
the juvenile concealed the contraband when he abandoned it.



Courts have also held that the same act of discarding contraband in the presence of police
officers does not suffice to establish the offense of attempted tampering with evidence.


 
These courts have expressed three rationales for their holding: (1) the defendant’s act of
discarding contraband in the presence of, and in view of, police is an act of abandonment,
not concealment for purposes of the tampering statute;


 (2) the defendant’s unsuccessful
attempt to rid himself of contraband did not, in fact, impair its availability as evidence;


 and
(3) the legislature surely did not intend that the defendant’s act of discarding drugs–a felony
offense if tampering with evidence–should be punished more severely than his offense of
possessing those same drugs.


 As a Florida court explained, its legislature did not intend
to impose additional felony charges on a person who discards a misdemeanor amount of
contraband while being observed by pursuing police officers:
If the defendants’ [conduct] in this case constituted tampering [with evidence],
then a nineteen-year-old who threw a can of beer from his car when stopped
by a police officer would commit not only the second-degree misdemeanor of
possession of alcoholic beverages, but also the third-degree felony of
tampering with the evidence. We do not believe that the legislature intended
an additional felony under such circumstances.




           Many of these cases hold that the evidence is insufficient to support a tampering
conviction because there is no evidence that the defendant specifically intended to conceal
evidence with the intent to impair its usefulness at a future trial. Instead, the evidence shows
that the defendant merely intended to distance himself from the evidence. As in “What? 
Who me? That’s not my crack pipe.”


 As Justice Yeakel explained in Hollingsworth v.
State,


 the evidence was insufficient in that case to prove that the defendant was carrying
cocaine in his mouth with the specific intent to impair its availability as evidence. Rather, 
he was carrying it in mouth “because that is how crack cocaine is commonly carried,
undoubtedly to keep it from public view.”


 When the defendant saw police officers, he spit
it out–an act that exposed the cocaine to the officer’s view.


 In most of these abandonment
cases, the defendant’s act of abandonment exposes, rather than conceals, the contraband.
           Prosecutions for attempted tampering with the evidence are even more untenable. I
agree with the court of appeals in this case that the claim that appellant’s act of “‘palming’
. . . the pipe to remove it from his pocket constituted attempted concealment” requires total
speculation about whether appellant acted with the specific intent to conceal the pipe or just
abandon it.


 “Without evidence of a specific intent to conceal, Appellant’s merely reaching
into his pocket and removing the pipe is no more attempted concealment than having a drink
is attempted public intoxication.”


 Appellant’s act exposed the crack pipe, so how can a jury
determine, beyond a reasonable doubt, that he specifically intended to conceal the crack pipe
by that act of exposure? This logic escapes me. 
           The Tennessee Supreme Court recently explained that a tampering-with-evidence
conviction may not be upheld if the evidence was not permanently altered or destroyed and
its concealment delayed minimally, if at all, the officers’ discovery of it: 
In drug cases, for example, convictions for tampering by concealment have
been upheld when a defendant swallows drugs and when a defendant flushes
drugs down a toilet as police approach and the drugs are recovered. One
defendant’s conviction was upheld when he tossed the drugs out of his moving
vehicle, kept driving for a half mile, and the drugs were never found. Another
defendant’s conviction was upheld when he tried to hide his drugs in one
pocket of a billiards table.
Conversely, in other drug cases involving alleged concealment, courts
have found mere abandonment when a defendant hides drugs in his socks or
in his pocket, tosses drugs onto the roof of a garage while being pursued, drops
drugs off a roof in view of police, or throws drug evidence over a wooden
privacy fence while officers are in pursuit. Dropping a marijuana cigarette into
a sewer is mere abandonment, but dropping soluble drugs down a sewer drain
could make them irretrievable and could support a tampering conviction.
Hiding drugs in one’s mouth without successfully swallowing them also may
not constitute tampering.



           For these reasons, I agree with those courts holding that, with regard to possessory
offenses, the tampering-with-evidence statute applies only to
           (A)      completed crimes in which the evidence is permanently destroyed, altered, or
concealed.


 For example, if a defendant swallows the purported contraband,
he has destroyed its usefulness as evidence; because the evidence is gone, the
defendant cannot be convicted of the drug offense, but he can be convicted of
tampering with evidence;


 OR
 
           (B)     The attempted destruction, alteration, or concealment has materially impeded
the officer’s investigation. For example, if the defendant tosses bags of
cocaine down the toilet and flushes it, but the police are able to disconnect the
plumbing and retrieve the soggy, but identifiable baggies, the defendant’s act
of concealment was unsuccessful, but it materially impeded the officers.

I respectfully dissent to turning this Class C misdemeanor into a state-jail felony merely
because appellant tried to abandon his crack pipe by exposing it to the officers’ view, not
concealing from their view.
Filed: April 2, 2014
Publish